UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV99

DAMON ANTHIS                                                                                 PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                          DEFENDANT

## MEMORANDUM OPINION

      Before the Court is the complaint of Damon Anthis ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings not inconsistent with this opinion.

## PROCEDURAL HISTORY

      On April 11, 2005, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of March 28, 2005. After a hearing, Administrative Law Judge Ronald M. Kayser ("ALJ") determined that claimant's coronary artery disease and shortness of breath were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on June 20, 2008.

1

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to find that his back condition represented a severe impairment. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. To the extent plaintiff is arguing that the ALJ's failure to identify the back condition as a severe impairment can in itself constitute reversible error, he is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

The significant questions, then, are whether the record establishes any limitations arising

from a back problem, and, if so, whether the ALJ considered the effect of such limitations on Mr. Anthis' ability to work.  To establish the *existence* of an impairment, the plaintiff must point to *medical* evidence.  To establish the extent of functional limitation imposed by an impairment so proven, the plaintiff may use both *medical* and *other* evidence.  In this case, the plaintiff established the existence of a spinal impairment by medical records.  The ALJ acknowledged that Veteran's Administration records dated November of 2006 showed a low back condition "with a large L5-S1 HNP extending to both right and left sides with DDD at L5-S1."

The ALJ then went on to observe that there were no further labs or medical records concerning the back condition. Tr. 21.  Plaintiff points out that he provided chiropractic records demonstrating treatment for the limitations imposed by that back problem.  Applicable administrative regulations make it clear that while chiropractic records are not *medical* records (i.e., they may not, standing alone, establish the existence of the impairment), they do constitute "other evidence" that may be relied upon to show the nature and extent of limitation imposed by a properly established impairment.  Thus, while the ALJ's statement that there were "no further ... medical records" concerning the back problem is technically accurate, its true import is sufficiently ambiguous to raise the question of whether the ALJ considered the chiropractic records as "other evidence" properly used to show extent of functional limitation, or whether he ignored them completely.

Complicating this issue is the fact that the ALJ pointed to a November 2005 examination report showing no ambulation or postural difficulties and appeared to rely on it to minimize the significance of a November 2006 report showing ambulation and postural difficulties.  There were two conditions identified as causing the 2006 problems.  Degenerative disc disease is progressive,

3

while herniated nucleus pulposus may worsen or improve or stay the same over time; thus, a change in level of severity over the course of twelve months would not be unexpected, and the ALJ's treatment of these records as inconsistent is quite puzzling.

Because of the ambiguity and confusion regarding the ALJ's treatment of evidence regarding Mr. Anthis' back problem, the Commissioner's decision must be vacated and this matter remanded for further proceedings. An order in conformity has this day entered.